UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GLENN E. TRAMMEL,

        Plaintiff,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES, U.S. DEPARTMENT OF JUSTICE, Federal Bureau of Prisons; DOES I-X, inclusive; and ROES I-X, inclusive,

        Defendants.

2:10-CV-02039-PMP-PAL

<u>ORDER</u>

Before the Court is Defendant Eric H. Holder, Jr.'s Motion to Dismiss (Doc. #7), filed on May 9, 2011. Plaintiff Glenn E. Trammel filed his Response (Doc. #9) on May 26, 2011. Defendant Eric H. Holder, Jr. filed a Reply (Doc. #10) on June 6, 2011.

**I. BACKGROUND**

        Plaintiff Glenn E. Trammel ("Trammel") is an African-American male who worked for the Federal Bureau of Prisons ("BOP"). (Compl. (Doc. #1), ¶¶ 1-2, 12.) Trammel served as warden of the Federal Prison Camp ("FPC") Nellis from 1998-2001. (Id. at ¶ 14.) Trammel's immediate supervisor was Robert Haro ("Haro"), Western Regional Director for BOP. (Id. at ¶ 15.) Haro urged Trammel to forego an offer for a Senior Executive Services ("SES") Warden position in the Northeast Region in favor of a similar position in Haro's region. (Id. at ¶¶ 17-19.) Trammel subsequently accepted an offer to serve as SES Warden of the Federal Correction Institute ("FCI") Terminal Island effective May 6, 2001. (Id. at ¶ 20.) Trammel did not have the SES designation at FPC

Nellis, nor did he automatically receive it upon transferring to FCI Terminal Island. (Id. at ¶¶ 14-23.) Trammel's predecessor at Terminal Island, a Caucasian, was designated SES. (Id. at ¶ 21.)

During Plaintiff's tenure as Warden, Terminal Island regained the accreditations lost under his predecessor. (Id. at ¶ 23.) During July of 2001, while employed as Warden at Terminal Island, Plaintiff attended SES training and subsequently submitted a completed application for SES to Cindy Andrews at BOP. (Id. at ¶ 24.) BOP froze all SES designations following September 11, 2001. (Id. at ¶ 25.) After the purported freeze on SES appointments, Trammel discovered that SES designations were awarded to other Wardens including some individuals from his training group. (Id. at ¶ 27.) Plaintiff acted as Warden at Terminal Island until he retired on February 3, 2003. (Id. at ¶¶ 26, 28.) BOP never promoted Trammel to SES, and he retired at the rank of GS-15. (Id.)

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint against BOP for discriminatory employment practices, and EEOC subsequently provided Plaintiff with a right to sue letter. (Id. at ¶¶ 33-35.) Plaintiff thereafter filed his Complaint in this Court, asserting claims for unlawful race discrimination under Title VII, 42 U.S.C. § 1981, and the Thirteenth Amendment (count one); age discrimination under the Age Discrimination in Employment Act (count two); intentional infliction of emotional distress (count three); and breach of contract (count four). (Id. at ¶¶ 36-66.)

Defendant Eric H. Holder, Jr. ("Holder") now moves to dismiss for lack of subject matter jurisdiction and improper venue. Holder argues that to the extent Plaintiff's race discrimination claim in count one is based on § 1981 and the Thirteenth Amendment, it is preempted by Title VII. Holder additionally argues that the Civil Service Reform Act ("CSRA") preempts Trammel's claims for infliction of mental and emotional distress and breach of contract. Defendant argues that, even if the breach of contract claim is not preempted by the CSRA, Plaintiff failed to name the United States as the only proper

defendant under the Tucker Act.  Defendant concludes by arguing that the venue provisions of Title VII govern this action, and because the entirety of the alleged employment discrimination occurred at Terminal Island, the Central District of California is the proper venue in this case.

Plaintiff does not explicitly respond to Defendant's contention that his race discrimination claim is preempted by Title VII to the extent it attempts to rely on § 1981 and the Thirteenth Amendment.  However, as to the intentional infliction of emotional distress claim, Plaintiff argues that Title VII preserves an employee's right to recover compensatory and punitive damages, and the claim therefore should not be dismissed. Plaintiff also argues that the CSRA does not preempt the breach of contract claim because the language of the CSRA does not completely preempt contractual claims.  Plaintiff additionally argues that the District of Nevada is the proper venue for this action because Plaintiff would have continued to work at Nellis instead of Terminal Island but for Haro promising the SES position.

**II. DISCUSSION**

Under Title VII, venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ." 42 U.S.C. § 2000e-5(f)(3).  Title VII's specific venue provision supercedes the general venue provisions of 28 U.S.C. § 1391.  Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587-88 (9th Cir. 1991).

Defendant argues that the District of Nevada is not an appropriate venue under Title VII's venue provision because Plaintiff was employed at Terminal Island when he applied for the SES designation, he remained at Terminal Island throughout the application and training process, he continued to serve at Terminal Island despite not receiving an SES

1 designation, and copies of Plaintiff's application for SES designation remained at Terminal
2 Island.  Defendant further argues that Plaintiff's reliance on a breach of contract theory to
3 establish that he would have worked at Nellis but for the offer of a job at Terminal Island is
4 not a basis for relief under Title VII.  Defendant concludes by arguing that at all times
5 relevant to the alleged discriminatory employment action, the failure to award an SES
6 designation, Plaintiff worked at Terminal Island, making the Central District of California
7 the appropriate venue for this action.

8       Plaintiff responds by arguing that he was induced to leave Las Vegas by Haro's
9 promise of an SES position at Terminal Island and that he returned to Las Vegas
10 immediately after not receiving the SES designation.  Plaintiff's principle contention is that
11 the alleged discriminatory act commenced with the initial promise of an SES position and
12 that a "substantial part" of the claim's underlying events occurred in the District of Nevada.

13       Venue in this case is controlled by the Title VII employment discrimination claim
14 because Title VII's more specific venue provision controls over the general venue statute
15 applicable to all of Plaintiff's other claims.  The alleged promise that induced Plaintiff to
16 relocate to Terminal Island is not the alleged act of discrimination under Title VII.  Rather,
17 the alleged discriminatory action is BOP's refusal to grant Plaintiff an SES designation on
18 the basis of race.  Thus, the alleged unlawful employment practice was committed in
19 California.

20       Defendant asserts a copy of Plaintiff's application for SES designation is kept at
21 Terminal Island.  Although Plaintiff contends his employment records are maintained in
22 Washington, D.C., Plaintiff does not argue that the relevant records are maintained in this
23 district.  Thus, Nevada is not the district in which the employment records relevant to the
24 challenged employment practice are maintained and administered.

25       Additionally, California is the place where Plaintiff would have remained but for
26 the alleged unlawful discrimination practice.  Plaintiff commenced his employment at

Terminal Island without a pending SES application and remained at the facility throughout the SES evaluation period. Plaintiff retired as warden of Terminal Island without ever receiving the SES appointment he sought. Thus, absent the alleged discriminatory denial of an SES designation, Plaintiff would have served as Warden of Terminal Island.

Consequently, under the provisions of 42 U.S.C. § 2000e-5(f)(3), the District of Nevada is not a proper venue because the unlawful employment practice did not occur here, the records relevant to the alleged discriminatory conduct are not maintained and administered here, and Plaintiff would not have worked here absent the alleged discriminatory conduct. Rather, the proper venue is the Central District of California, where Plaintiff worked at all times relevant to his Title VII employment discrimination claim. The Court, in the interests of justice, therefore will transfer this action to the Central District of California. See 28 U.S.C. § 1406(a); Baeta v. Sonchik, 273 F.3d 1261, 1264-65 (9th Cir. 2001).

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant Eric H. Holder Jr.'s Motion to Dismiss (Doc. #7) is hereby GRANTED in that the District of Nevada is not a proper venue.

IT IS FURTHER ORDERED that the Clerk of Court shall transfer this action to the United States District Court for the Central District of California.

DATED: August 10, 2011

_____
PHILIP M. PRO
United States District Judge